## WALDEN NAT. BANK v. SNYDER et al.

*(Supreme Court, General Term, Second Department.  December 10, 1889.)*

1. BANKS AND BANKING—BOND OF CASHIER—LIABILITY OF SURETIES.
   The conditions of a bank cashier's bond were that he should honestly and in good faith perform all his duties, and all duties incident to the office of cashier, and all duties, acts, and work required by the bank or its directors, and "in all respects conduct honestly and in good faith towards or in respect to said bank, its moneys and securities, and the moneys and securities of any other person or persons left in any manner with said bank." To secure accommodations from the bank, a stockholder assigned his stock to the cashier, to be held by him as collateral security, and the bank issued to him new certificates of stock, canceling the old ones. *Held*, that the sureties were liable for conversion of the stock by the cashier.

2. SAME—NATIONAL BANKS—LOAN, ON STOCK.
   The sureties of a national bank cashier cannot, as defendants in an action to recover for the cashier's wrongful conversion of stock, attack the validity of the transaction by which the bank issued stock to the cashier, by alleging that he held the stock in violation of the United States banking act, which prohibits a bank from making loans or discounts on the security of the shares of its own capital stock, as only the government could question the validity of the transaction.

Appeal from special term, Orange county.

Action by the Walden National Bank against Michael G. Snyder and Caleb Birch, sureties on the bond of William G. Rutherford, cashier of plaintiff bank. The conditions of the bond were that the said Rutherford "honestly and in good faith perform all the duties of cashier in the Walden National Bank, and all the duties in any manner incident thereto while acting as such cashier, and also all such duties, acts, and work as may be required of the said William G. Rutherford by the said bank, or its board of directors, which shall from time to time be assented to on his part, and in all respects conduct honestly and in good faith towards or in respect to said bank, its moneys and securities, and the moneys and securities of any other person or persons left in any manner with said bank." Several years prior to the date of the bond, and while Rutherford was cashier of plaintiff bank, one Tarbell assigned to him certain stock of plaintiff bank of about $3,000 value; and the bank issued new certificates for the stock to Rutherford in his individual name, taking up and canceling the old certificates. Tarbell became indebted to the bank, and under its direction Rutherford sold one-third of the stock, and applied the greater portion of the proceeds in payment of the Tarbell notes. Later Tarbell borrowed $2,000 from the bank, and Rutherford indorsed his notes. The bond was given subsequent to these transactions; but soon after its execution Rutherford borrowed money of the Chase National Bank, and deposited $1,000 of the stock as collateral security for his individual note of $1,000. This note was paid by one of plaintiff's directors, who took up the stock. Subsequently plaintiff recovered judgment against Tarbell and Rutherford for the $2,000 of unpaid notes. The remaining third of the stock was assigned by Rutherford to the Goshen National Bank before delivery of his bond. The complaint alleges that the stock was assigned to Rutherford, and the new stock certificates issued in lieu thereof, with the express understanding that it was to be held by him as collateral security for the payment of Tarbell's notes, and that it was misappropriated. The defense was that the transactions of Rutherford with reference to the stock were those of an individual, and did not pertain to his duties as cashier; also that national banks are prohibited from making loans on the security of their own capital stock. On trial at the special term the court found that the stock pledged by Rutherford on his private note to

the Chase National Bank, for $1,000, was recoverable, with interest and cost. Judgment against defendants was entered accordingly, from which they now appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

A. S. & W. F. Cassedy, for appellants.   B. R. Champion, for respondent.

DYKMAN, J.   This is an action upon the bond of William G. Rutherford, as cashier of the plaintiff, against the sureties in the bond for the recovery of the damages sustained by the bank through the misconduct of the cashier. The facts are quite complicated, but they are to a considerable extent undisputed, and the findings of the trial court have ample support in the testimony and the stipulation of the parties.   The defense seems to rest upon the theory that the transaction of Rutherford in the conversion of the stock which resulted in the loss to the bank, and which constitutes the basis of the claim against the sureties in this action, was not in the line of the regular duties of a cashier, and that the sureties are not liable upon the facts found by the court. In relation to the first position, it is to be said that no misconduct is in the line of duty of a cashier of a bank, or any other officers, and yet persons who become surety in official bonds undertake to indemnify against malfeasance in office as well as misfeasance.   The second position is founded upon the provision of the United States banking act, which prohibits banking associations from making loans or discounts on the security of the shares of its own capital stock, without providing any penalty for a violation of the law.   It seems plain, therefore, that the government alone can attack the validity of such a transaction, and that the prohibition cannot be urged as a justification of the cashier for a wrongful conversion of the stock.   A full and careful examination fails to disclose any error in the proceeding, or any defense to the action. The judgment should therefore be affirmed, with costs.   .